# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

HOWARD LAWRENCE TURNER,

          Plaintiff,

   v.

R. CORTEZ, et al.,

          Defendants.

_____/

CASE NO. 1:11-cv–00884-BAM PC

ORDER DISMISSING ACTION, WITHOUT
PREJUDICE, FOR FAILURE TO PROSECUTE

(ECF No. 11)

Plaintiff Howard Lawrence Turner is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action was filed on June 1, 2011.  On June 13, 2011, Plaintiff consented to the jurisdiction of the Magistrate Judge.  On April 14, 2012, Plaintiff's complaint was screened and the Court ordered Plaintiff, within thirty days, to either file an amended complaint curing the deficiencies identified by the Court or notify the Court in writing that he does not wish to file an amended complaint and is willing to proceed only on the claims found to be cognizable.[1]  (ECF No. 11.)  More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action for failure

---

[1]The United States Postal Service returned the order on April 30, 2012, as undeliverable.  A notation on the envelope indicates "RTS," refused, unable to forward.  However, Plaintiff has not notified the Court of any change in his address.  Absent such notice, service at a party's prior address is fully effective.  Local Rule 182(f).

to comply with a pretrial order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the court order, the Court is left with no alternative but to dismiss the action for failure to prosecute.  Id.  This action, which has been pending since 2011, can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted. Id.  Accordingly, this action is HEREBY DISMISSED for failure to prosecute, without prejudice.

IT IS SO ORDERED.

**Dated:    July 11, 2012**          **/s/ Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE