# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOWARD LAWRENCE TURNER, | CASE NO. 1:11-cv–00884-BAM PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION |
| v. | (ECF No. 17) |
| R. CORTEZ, et al., | |
| Defendants. | |

Plaintiff Howard Lawrence Turner is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On April 17, 2012, an order issued requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed on the claims found to be cognizable in the complaint. (ECF No. 11.) On April 30, 2012, the order was returned as undeliverable. On July 12, 2012, this action was dismissed, without prejudice, for Plaintiff's failure to comply with an order of the Court. (ECF No. 12.) On the same date, Plaintiff filed a notice of change of address. (ECF No. 14.) On July 26, 2012, Plaintiff filed a motion for reconsideration and declaration. (ECF Nos. 17, 18.)

In his motion for reconsideration, Plaintiff states that he was transferred to Los Angeles County Jail on March 9, 2012, and arrived at North Kern State Prison on April 30, 2012. Plaintiff contends that he had no way of informing the Court of his change of address until the present time.

Plaintiff is required to keep the Court informed of any change of address. Local Rule 182(f). Further, where a party appearing pro se fails to notify the court of his change of address within 63 days of mail being returned by the U.S. Postal Service, the Court may dismiss the action without

prejudice for failure to prosecute. Local Rule 183(b). A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995)(per curiam)(dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988)(dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987)(dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986)(dismissal for failure to lack of prosecution and failure to comply with local rules).

In the order issued June 2, 2011, Plaintiff was informed that he had a duty to keep the Court informed of his current address, and if he failed to do so, service at his prior address would be effective notice. Additionally, Plaintiff was informed that, if mail was returned by the U.S. Postal Service as undeliverable and he failed to file a notice of change of address within sixty days, this action would be dismissed for failure to prosecute. (First Informational Order ¶ 11, ECF No. 3.)

In this instance, Plaintiff's was transferred to Los Angeles County Jail on March 9, 2012, and failed to inform the Court. Plaintiff was then transferred to North Kern State Prison on April 30, 2012, the same day that the April 17, 2012, order was returned as undeliverable. Since Plaintiff failed to inform the Court of his change of address, service at the prior address was fully effective and Plaintiff's response to the Court's order was due within thirty days. Local Rule 183. Plaintiff failed to file a timely response to the Court's April 17, 2012, order.

Further, Plaintiff did not inform the Court of his change of address until two and one half months after he was transferred to North Kern State Prison. Since Plaintiff's mail was returned on April 30, 2012, a change of address was due by July 2, 2012. Plaintiff's change of address was not filed until July 12, 2012. Plaintiff's declaration in support of his motion for reconsideration merely states that he did not have access to the law library for the month prior to July 23, 2012. Plaintiff fails to show that he made any efforts to keep the Court informed of his current address during the four months since he was transferred to Los Angeles County Jail. Based upon the evidence

1  submitted by Plaintiff, the Court declines to accept that he had no opportunity during the four months
2  after his transfer to Los Angeles County Jail to inform the Court of his change of address.
3      Here, the Court had two reasons to dismiss this action, Plaintiff's failure to inform the Court
4  of his change of address and his failure to respond to the April 17, 2012, order within thirty days.
5  Accordingly, Plaintiff's motion for reconsideration is HEREBY DENIED.
6      IT IS SO ORDERED.
7  **Dated:** **July 30, 2012**                 /s/ **Barbara A. McAuliffe**
                                          UNITED STATES MAGISTRATE JUDGE